STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 CA 1167

ZILLOW, INC.

VERSUS

WAYNE BLANCHARD, IN HIS OFFICIAL CAPACITY AS
ASSESSOR FOR THE PARISH OF ASSUMPTION

Judgment Rendered: **MAY 1 7 2022**

* * * * *

On Appeal from the 23rd Judicial District Court
In and for the Parish of Assumption
State of Louisiana
Trial Court No. 38094

Honorable Jason Verdigets, Judge Presiding

* * * * *

Scott L. Sternberg      Attorneys for Plaintiff/Appellant,
Michael S. Finkelstein      Zillow, Inc.
M. Suzanne Montero
Graham Williams
New Orleans, Louisiana

Brian A. Eddington      Attorney for Defendant/Appellee,
Baton Rouge, Louisiana      Wayne Blanchard, Assumption Parish
Assessor

* * * * *

BEFORE: WHIPPLE, C.J., PENZATO, AND HESTER, JJ.

**PENZATO, J.**

Zillow, Inc., the plaintiff in this public records proceeding, appeals the trial court's May 28, 2021 judgment denying its petition for writ of mandamus and related request for attorney fees and costs. For the following reasons, the May 28, 2021 judgment is affirmed.

## FACTS AND PROCEDURAL HISTORY

On October 27, 2020, Zillow, Inc. made a public records request to Assumption Parish Assessor Wayne Blanchard requesting "an opportunity to obtain an electronic copy of the current (2020) Assessment File(s) for all parcels in Assumption Parish." Zillow identified the fields of data it sought to obtain, including parcel/account numbers, owner names, addresses, breakdowns of assessed and market values, and tax and sales information. Zillow requested that Assessor Blanchard advise "what information is available, if any cost is associated with this request, data format (i.e.: Excel, database, text), media (CD, FTP, etc.) and procedure to acquire the files(s)."

Assessor Blanchard responded the same day, advising that the fee to obtain a copy of the 2020 tax roll is $800.00, and that Zillow needs to speak to the Assessor's software company, Software & Services, "concerning the technical aspect of the roll," as Software & Services has to release that information to Zillow. Zillow was further advised that additional charges would be associated with the release by Software & Services and was instructed to contact Software & Services to verify what is included in its file.

Zillow followed up with Assessor Blanchard on October 29, 2020, inquiring about what Zillow characterized as an "authorization fee" to acquire the records from Software & Services. Zillow requested that the "authorization fee" be waived and that it be allowed to purchase the file from Software & Services for "a fee reflective of the actual cost of providing the data." Without further communication, Assessor

2

Blanchard sent a disc to Zillow on November 3, 2020, containing a PDF of the 2020 Assessment File.

Unsatisfied with this production, Zillow filed a petition for writ of mandamus in February 2021 against Assessor Blanchard pursuant to La. R.S. 44:35 of the Louisiana Public Records Law. Zillow maintained that a PDF is not the format it requested and was not the format it received from Assessor Blanchard in prior years, when it paid the Assessor's "authorization fee without challenge." Zillow urged that it needs "current data in its native format" and further asserted that the data sought in the format requested is in the custody of Assessor Blanchard and/or Software & Services. Zillow prayed for an order directing Assessor Blanchard "to produce copies of the records sought" in its public records request "for a fee reflective of actual costs of providing an electronic copy." Zillow also prayed for attorney fees and costs pursuant to La. R.S. 44:35. Zillow's October 27, 2020 public records request, Assessor Blanchard's October 27th response, and Zillow's October 29th follow up regarding the "authorization fee" are attached to and became a part of Zillow's petition. *See* La. C.C.P. art. 853.

In opposition to Zillow's mandamus action, Assessor Blanchard asserted that he provided the assessment record requested by Zillow, *i.e.*, a complete electronic copy of the 2020 Assumption Parish assessment roll. After the petition for mandamus was filed, it became apparent to Assessor Blanchard that Zillow wanted the same information it received in previous years, when Zillow paid Software & Services to "create a data file." Via email on March 26, 2021, Wendy Baldwin, Administrative Assistant for the Assumption Parish Assessor, advised Zillow that Assessor Blanchard does not "have the ability to provide the data file" it requested. She further explained that Assessor Blanchard no longer authorized Software & Services to release "these files" to third parties, such as Zillow, due to concerns over the release of confidential taxpayer information. Ms. Baldwin offered to have

3

Software & Services "extract the information in [the Assessor's] software and create a data file in the format" Zillow wants. Ms. Baldwin further explained to Zillow, "We can provide you with a copy of this data file for a fee of $780, which represents the actual cost we will have to pay Software and Services to create the data file in the format you want plus the expense to review each parcel listing entry and verify that no confidential data is included."

The trial court considered the merits of Zillow's petition for mandamus on April 28, 2021. After taking the matter under advisement, the trial court issued written reasons on May 28, 2021, finding that Zillow was not entitled to mandamus relief or attorney fees and costs. The trial court accepted Assessor Blanchard's uncontroverted assertion that he does not have the data file in the format requested by Zillow and noted that a public body is not required to create a new document to satisfy a public records request. Instead, it is only obligated to produce existing records. The trial court concluded that Assessor Blanchard complied with the Louisiana Public Records Law by providing "the 2020 Assessment in electronic .pdf format" to Zillow in November 2020. A judgment in conformity with this ruling was signed on May 28, 2021.[1]

Zillow filed the instant appeal seeking to reverse the May 28, 2021 judgment, asserting that the trial court erred by denying its petition for writ of mandamus.

---

[1] In its petition for mandamus, Zillow also prayed for an award of civil penalties for Assessor Blanchard's purportedly arbitrary and capricious failure to produce records for a reasonable fee. The judgment is silent on this issue. In its brief to this court, Zillow states that this claim was withdrawn prior to judgment. This is not evident from the record. However, to the extent the claim remained viable when judgment was rendered, we note that "silence in a judgment of the district court as to any issue, claim, or demand placed before the court is deemed a rejection of the claim and the relief sought is presumed to be denied." *Unisys Corporation v. Louisiana Office of Motor Vehicles Through Hodges*, 2018-0556 (La. App. 1st Cir. 12/28/18), 270 So.3d 637, 654.

4

# DISCUSSION

## Public Records Law and Standard of Review

The Public Records Law provides that any person who has been denied the right to obtain a copy or reproduction of a record may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney fees, costs, and damages. La. R.S. 44:35(A). The court has jurisdiction to issue a writ of mandamus ordering the production of any records improperly withheld from the person seeking disclosure. The court shall determine the matter *de novo*, and the burden is on the custodian to sustain his action. La. R.S. 44:35(B).

An appellate court reviews a trial court's judgment on a writ of mandamus under an abuse of discretion standard, but applies the manifest error standard of review to all findings of fact. *Odoms v. Cammon*, 2021-0828 (La. App. 1st Cir. 3/3/22), 2022 WL 620773, *3 (unpublished).

## Zillow's Assignments of Error

On appeal, Zillow asserts that the trial court erroneously gave "credit" to argument made by Assessor Blanchard's counsel that the requested data file is not in his possession.[2] It maintains that, by "holding that the Assessor would have to create a new document, the trial court assumed a fact completely unsupported by evidence." Contrary to this assertion, we conclude that the evidence sufficiently established that a data file must be created to satisfy Zillow's request, and Zillow failed to introduce evidence to rebut this showing.

During the trial court proceeding, Zillow introduced Ms. Baldwin's March 26, 2021 email, discussed above, into evidence. Ms. Baldwin, responding in her capacity as Administrative Assistant in the Assumption Parish Assessor's Office,

---

[2] Zillow uses various terms to identify the requested record, such as document, assessment database in its native format, text file, and electronic record. For ease of reference and based on the description of the record at issue, we refer to the item sought by Zillow as a "data file."

5

stated multiple times that Software & Services must "create" the requested data file.[3] Zillow also introduced Assessor Blanchard's April 2021 responses to its requests for admission, wherein he again repeatedly stated that Software & Services has the ability to "create a data record in the format requested" by Zillow. Assessor Blanchard explained in his responses that, in previous years, he authorized Software & Services to access the database maintained by his office and to "create" and release a data record in the format requested by Zillow. However, he no longer authorizes Software & Services to access the assessment database for the purposes of "creating data records" for direct release to third parties due to confidentiality concerns.

On appeal, Zillow argues that neither Assessor Blanchard nor Software & Services need to create anything, because the data file it seeks already exists. Zillow makes various assertions concerning the nature of the data file, its purported existence, and the simplicity of producing it. However, Zillow offered no evidence to establish these facts or to rebut Assessor Blanchard's evidence that a new file must be created to satisfy Zillow's request. Argument of counsel and briefs, no matter how artful, are not evidence. *Seale & Ross, P.L.C. v. Holder*, 2019-1487 (La. App. 1st Cir. 8/3/20), 310 So.3d 195, 204.

The Third Circuit Court of Appeal recently rejected a similar argument made by Zillow. In *Zillow, Inc. v. Taylor*, 2021-739 (La. App. 3d Cir. 3/30/22) --- So.3d ---, 2022 WL 946615, Zillow submitted a public records request to Catahoula Parish Assessor Matt Taylor to obtain assessment records in their native format. Through documentary evidence and testimony, Assessor Taylor established that he does not have the capability to generate a database of the native data that Zillow requested. *Id.* at *1. Software & Services, the Catahoula Parish Assessor's software vendor,

---

[3] Ms. Baldwin's email was attached as an exhibit to Assessor Blanchard's memorandum in opposition to Zillow's petition for writ of mandamus. However, Zillow introduced the email into evidence before the trial court.

6

has this capability, but Assessor Taylor explained that he intended to charge a higher fee for the production of the requested data than he had in prior years "due to the amount of work that goes into *creating* the data." *Id.* at *1-2. (Emphasis added.) To refute this, Zillow relied on an "inference that if the assessor can produce an image of a text – a .pdf file – then he can also produce the underlying text." *Id.* at *4. Zillow offered only argument to establish that Assessor Taylor had access to the requested data file in its native format.[4] The court noted, "The flaw in its argument is that direct testimony indicated that Mr. Taylor does *not* have access to the native data." *Id.* (Emphasis original.) Thus, Zillow failed to rebut its opponent's evidence, and the court concluded that Assessor Taylor satisfied Zillow's public records request by producing the assessment as a PDF. *Id.* at *4-5.

Zillow relies on the same unsupported inference here to support its argument that the data file at issue already exists and is in Assessor Blanchard's possession or control.[5] However, as with any other adversarial proceeding, Zillow was required to produce evidence to support its position and, particularly, to refute its opponent's evidence once Assessor Blanchard satisfied his burden of proof. *See Zillow, Inc. v. Taylor*, --- So.3d ---, 2022 WL 946615 at *4. The only evidence in the record

---

[4] This court recently considered a similar matter in *Zillow, Inc. v. Gardner*, 2021-1172 (La. App. 1st Cir. 4/8/22), --- So.3d ---, 2022 WL 1052232. There, the documentary evidence established that the East Feliciana Parish Assessor only possessed the assessment as a PDF. This court rejected Zillow's assertion that the East Feliciana Assessor should be ordered to have Software & Services create the assessment record in the text file format to satisfy Zillow's request and concluded that the Assessor satisfied Zillow's public records request by producing an electronic (PDF) copy of the requested assessment. *Id.* at *6. *See also Zillow, Inc. v. Bealer*, 2021-545 (La. App. 3d Cir. 2/2/22), 333 So.3d 854, 861-62, *writ denied*, 2022-00378 (La. 5/10/22) --- So.3d ---, wherein the testimony and evidence adduced similarly established that Software & Services was capable of creating the requested data file but that it did not yet exist. Again, the court concluded that the Vernon Parish Assessor had no duty to create a new document and satisfied Zillow's public records request by producing a PDF of the requested assessment. *Id.* at 862-63.

[5] Zillow further asserts that the data file is in Assessor Blanchard's control because he admits that Software & Services is capable of producing it. It argues that Assessor Blanchard may not "hide behind" his third-party vendor. However, as noted, the unrebutted evidence establishes that Software & Services must create the data file. Since the requested data file does not yet exist, the issue of whether the file would be a public record if maintained by Software & Services is not before us. *See Russell v. Cantrelle*, 2019-0815 (La. App. 1st Cir. 5/11/20), 303 So.3d 1081, 1086 (courts will not decide abstract or hypothetical controversies or render advisory opinions with respect to such controversies). For the same reason, we do not address the appropriate fee that may be charged to obtain the data file.

establishes that the data file must be created. It is well-settled that the custodian need only produce or make available for copying, reproduction, or inspection the existing records containing the requested information and is not required to create new documents in the format requested. *Williams Law Firm v. Board of Supervisors of Louisiana State University*, 2003-0079 (La. App. 1st Cir. 4/2/04), 878 So.2d 557, 563. For this reason, we agree with the trial court that Assessor Blanchard had no duty to create a new record and that he satisfied Zillow's public records request by producing an electronic copy (PDF) of the 2020 Assessment.

Finally, Zillow also asserts that the trial court erred in holding that the data file is not a public record. This purported holding is not reflected in the judgment or the written reasons, which explain the basis for the trial court's judgment. To the contrary, the trial court concluded that the assessment is a public record, which was properly produced to Zillow, but it did not reach the issue of whether the data file, which Assessor Blanchard proved does not exist, is a public record. Thus, we find no merit in this argument or in Zillow's assertion that the trial court erred by denying its petition for mandamus.

We also agree with the trial court's denial of Zillow's request for attorney fees and costs. Louisiana Revised Statutes 44:35(D) provides that a person seeking the right to receive or obtain a copy or reproduction of a public record, who prevails in such suit, shall be awarded reasonable attorney fees and other costs of litigation. Since Zillow has not prevailed in its suit, it is not entitled to such an award.

## CONCLUSION

For the foregoing reasons, we affirm the May 28, 2021 judgment denying Zillow, Inc's petition for writ of mandamus against Assumption Parish Assessor Wayne Blanchard and further denying Zillow's request for attorney fees and costs pursuant to La. R.S. 44:35. All costs of this appeal are assessed against Zillow, Inc.

**AFFIRMED.**

8